KRAVITCH, Circuit Judge,
Specially Concurring:
I agree with the majority’s affirmance of the district court and therefore concur. I write specially, however, to express my disagreement with the majority’s observations regarding the addition of Hakim’s religious name to his inmate identification card. As the majority correctly notes, the district court’s July 17, 1998, order required the DOC to: (1) add Hakim’s religious name to his inmate identification card and (2) permit Hakim to obtain all prisoner services with his religious name. The DOC provided Hakim with a new identification card with a label on the back identifying Hakim’s religious name for notary purposes. Hakim then filed a Notice of Defendants’ Intent to Circumvent This Court’s Order in which he contended only that the DOC did not comply with the district court’s July 17, 1998, order because it did not place his religious name on the front of the identification card. The DOC responded with a Notice of Compliance With Court Order in which it contended that its addition of Hakim’s name complied with the court’s order. The district court found to the contrary and issued an order stating simply that “Defendants’ Notice of Compliance With Court Order ... is hereby found not to be in compliance with the Court’s Order filed July 20, 1998.” The district court subsequently denied the DOC’s motion for relief from judgment.
All of the filings preceding the district court’s finding of noncompliance focused solely on the placement of Hakim’s religious name without reference to the notary services limitation, and the district court’s order finding the DOC in noncompliance did not announce the basis for its finding. In spite of this background and the sparse language of the district court, however, the majority asserts that the notary limitation to Hakim’s religious name, rather than the name’s placement, supported the district court’s finding of noncompliance.
The majority’s attempt to recast the district court’s order affords the majority an opportunity for its gratuitous opinion that the DOC’s addition of Hakim’s religious name with a label affixed to the back of his identification card satisfied the Turner reasonableness standard. I do not agree that affixing a label bearing Hakim’s religious name to the back of his identification card adequately protects his free exercise rights under Turner. Once Hakim converted to the Muslim faith, he was required by his religion to adopt a new name reflecting his commitment to the attributes of Allah. Relegating this significant conversion to the back of an identification card, in the absence of compelling evidence by the DOC in support of this policy, does not in my view comport with the Turner reasonableness standard. Rather, it would be reasonable for the DOC to place Hak-im’s religious name, using an “a.k.a.” designation following his committed name, on the front of the identification card.[1]

. We agree with the majority that the notary services limitation was improper.